J-S70012-17

2018 PA Super 51

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PHILIP LAWRENCE MORIARTY | : | |
| | : | |
| Appellant | : | No. 780 MDA 2017 |

Appeal from the PCRA Order April 25, 2017
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0000492-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

OPINION BY GANTMAN, P.J.:                    **MARCH 08, 2018**

Appellant, Philip Lawrence Moriarty, appeals from the order entered in the Adams County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We reverse the order denying PCRA relief and vacate Appellant's revocation sentence.

The relevant facts and procedural history of this case are as follows. On July 21, 2014, Appellant entered a negotiated guilty plea to recklessly endangering another person ("REAP") and resisting arrest.  The court sentenced Appellant that day in accordance with the plea agreement to one to twenty-three months and twenty-nine days' imprisonment for REAP and a consecutive term of twelve months' probation for resisting arrest.  The court

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

immediately paroled Appellant. The terms of Appellant's parole/probation prohibited Appellant from committing any violation of the law.

While Appellant was on parole, the Commonwealth charged him at docket No. CP-01-CR-0000521-2016 ("docket 521-2016"), with aggravated assault, terroristic threats, simple assault, and harassment. On March 7, 2016, the Commonwealth filed a motion for revocation of parole/probation regarding Appellant's REAP and resisting arrest convictions, based on the new charges. The Commonwealth claimed the new charges constituted a "Rule 1 violation" (prohibition against committing any violation of the law). The court appointed counsel to represent Appellant for the revocation proceedings as well as the new charges. Regarding the original REAP and resisting arrest convictions, on March 15, 2016, Appellant waived his **Gagnon I** hearing.[2] Regarding the new charges at docket 521-2016, Appellant waived a preliminary hearing on April 20, 2016.

Appellant proceeded to a **Gagnon II** hearing[3] on April 28, 2016,

_____

[2] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). **See also Commonwealth v. Ferguson**, 761 A.2d 613 (Pa.Super. 2000) (explaining that when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (**Gagnon I** hearing) of probable cause to believe violation was committed; upon finding of probable cause, second, more comprehensive hearing (**Gagnon II** hearing) follows before court makes final revocation decision).

[3] Where the court holds a revocation hearing, based on new criminal charges, before the defendant's trial on the new charges, the proceeding is
*(Footnote Continued Next Page)*

regarding his 2014 REAP and resisting arrest convictions, before his trial on the new charges. The court had the following exchange with Appellant and defense counsel:

> [THE COURT]:    Counsel, anything to say at this time?
>
> [DEFENSE COUNSEL]:    No, Your Honor. I have discussed this matter both with [Appellant] as well as the Probation Department. We concur with the action taken today.
>
> [THE COURT]:    [Appellant], have you had a chance to see the motion for revocation, sir?
>
> [APPELLANT]:    Yes, Your Honor.
>
> [THE COURT]:    The motion is dated March 7th of this year. It alleges a Rule 1 violation pertaining to aggravated assault, terroristic threats charges brought by the Pennsylvania State Police; do you understand that?
>
> [APPELLANT]:    Yes, Your Honor.
>
> [THE COURT]:    You have the right to a hearing in this matter. If you acknowledge the violations, you are giving up your right to have that hearing; do you understand that?
>
> [APPELLANT]:    Yes, Your Honor.
>
> [THE COURT]:    [Then] if you acknowledge the violations on the parole revocation, the [back] time is 22 months 28 days. You would be recommitted to that subject to future re-parole. On Count 3 [resisting arrest],

*(Footnote Continued)* ———————————

commonly known as a "***Daisey-Kates*** hearing." ***See Commonwealth v. Kates***, 452 Pa. 102, 305 A.2d 701 (1973). Here, the parties and PCRA court refer to Appellant's revocation hearing as a ***Gagnon II*** hearing, so we will use that terminology as well.

that's a misdemeanor of the second degree. You could be sentenced up to two years in jail on that count; do you understand that?

[APPELLANT]: Yes, Your Honor.

[THE COURT]: Has anyone promised you anything or threatened you in any way to cause you to acknowledge the violations?

[APPELLANT]: No, Your Honor.

[THE COURT]: Are you on any medication or under the influence of any substance that affects your ability to think clearly?

[APPELLANT]: No, Your Honor.

**[THE COURT]: Are you acknowledging the violations because you did in fact commit those violations?**

**[DEFENSE COUNSEL]: Because you got arrested on new charges.**

**[APPELLANT]: Yes, Your Honor.**

[THE COURT]: I'll accept the acknowledgement.

(N.T. *Gagnon II* Hearing, 4/28/16, at 2-3) (emphasis added). The court subsequently revoked Appellant's parole for the REAP conviction and recommitted Appellant to serve the time remaining on that sentence, which was twenty-two months and twenty-eight days' imprisonment, with credit for the time served. Regarding the resisting arrest conviction, the court revoked probation and resentenced Appellant to twelve months' consecutive probation. Appellant did not file a direct appeal. On December 6, 2016, a

jury acquitted Appellant of all the new charges at docket 521-2016.

On December 19, 2016, Appellant timely filed a *pro se* PCRA petition, raising claims of revocation counsel's ineffectiveness. Appellant also filed, on December 29, 2016, a *pro se* "motion to withdraw plea *nunc pro tunc* and to vacate sentence, or alternatively, to modify the sentence of 4/28/16, or release Appellant on immediate parole." The court ultimately ordered Appellant paroled directly to an inpatient facility but denied the December 29, 2016 motion in all other respects. Regarding Appellant's *pro se* PCRA petition, the court appointed counsel.

The court held a PCRA hearing on April 20, 2017, centered on Appellant's claim that revocation counsel was ineffective for advising Appellant to acknowledge his new charges at the **Gagnon II** hearing, which led to the revocation of his parole and probation, before proceeding to trial on the new charges. Appellant testified at the PCRA hearing, *inter alia*: (1) Appellant told counsel he was innocent of the new charges at docket 521-2016; (2) counsel did not inform Appellant that he could defer the **Gagnon II** hearing until after trial on his new charges; (3) counsel told Appellant to acknowledge his arrest on the new charges so he could get work release; (4) Appellant believed he was confirming at the **Gagnon II** hearing only that he had been arrested on new charges; and (5) counsel did not inform Appellant that an arrest on new charges alone was insufficient to justify revocation of his parole/probation. (N.T. PCRA Hearing, 4/20/17, at 12-26).

Revocation counsel testified at the PCRA hearing, *inter alia*: (1) the court appointed him to represent Appellant for the revocation proceedings as well as the new charges at docket 521-2016; (2) counsel spent roughly one hour talking with Appellant about his revocation proceedings and the new charges; (3) Appellant was very concerned about his employment and stressed that he wanted work release; (4) counsel told Appellant that if he deferred the **Gagnon II** hearing he would be ineligible for work release, but if he went ahead with the revocation proceedings and then made bail on the new charges, he could be eligible for work release; and (5) Appellant acknowledged his arrest on new charges at the **Gagnon II** hearing which was sufficient to revoke his parole/probation when coupled with Appellant's waiver of the preliminary hearing on the new charges. (**Id.** at 27-37).

At the conclusion of the PCRA hearing, the court took the matter under advisement. On April 25, 2017, the court denied relief. Appellant timely filed a notice of appeal on May 11, 2017. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on June 2, 2017.

Appellant raises the following issues for our review:

> WHETHER THE COURT'S DENIAL OF [APPELLANT'S] PCRA PETITION WAS SUPPORTED BY THE EVIDENCE AND FREE FROM LEGAL ERROR WHEN:
>
> 1. COUNSEL WAS INEFFECTIVE IN FAILNG TO ADVISE [APPELLANT] OF HIS RIGHT TO A FULL HEARING ON APRIL 28, 2016…AND/OR TO DEFER A HEARING ON THE PAROLE REVOCATION UNTIL AFTER A TRIAL ON THE NEW

CHARGES WHEN [APPELLANT] INSISTED ON HIS INNOCENCE RELATED TO THE NEW CHARGES.

2. COUNSEL WAS INEFFECTIVE IN FAILING TO KNOW THE EVIDENTIARY STANDARD FOR A PAROLE REVOCATION AND ADVISING [APPELLANT] TO ACKNOWLEDGE THE VIOLATION BASED SOLELY ON THE FILING OF NEW CHARGES AND [APPELLANT'S] WAIVER OF HIS PRELIMINARY HEARING.

3. COUNSEL WAS INEFFECTIVE IN ADVISING [APPELLANT] TO ADMIT A PAROLE VIOLATION WHEN [APPELLANT] INSISTED HE WAS INNOCENT OF THE NEW CHARGES, [APPELLANT] ONLY ACKNOWLEDGED HE HAD BEEN ARRESTED AND CHARGED WITH A CRIME, AND THERE WAS NO EVIDENCE PRESENTED AT THE PAROLE REVOCATION HEARING THAT WOULD MEET THE STANDARD OF PROOF OF A VIOLATION BY A PREPONDERANCE OF THE EVIDENCE REQUIRED FOR REVOCATION.

4. THERE WAS NO REASONABLE BASIS FOR COUNSEL TO ADVISE [APPELLANT] TO ACKNOWLEDGE THE VIOLATION, BE RECOMMITTED TO THE BALANCE OF HIS ORIGINAL SENTENCE, AND LOSE ALL OF HIS STREET TIME SO THAT HE COULD BE ELIGIBLE FOR WORK RELEASE, WHEN [APPELLANT] WAS NOT ELIGIBLE FOR WORK RELEASE DUE TO THE PENDING AGGRAVATED ASSAULT CHARGE AND OTHER CHARGES.

(Appellant's Brief at 4-5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.

*Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011). "A PCRA court's legal conclusions, however, are reviewed *de novo*." *Commonwealth v. Green*, 168 A.3d 173, 175 (Pa.Super. 2017).

For purposes of disposition, we combine Appellant's issues. Appellant argues revocation counsel did not inform Appellant that he could defer the revocation hearing until after trial on the new charges at docket 521-2016. Appellant asserts counsel also failed to tell Appellant he was entitled to a full *Gagnon II* hearing on April 28, 2016, at which time the Commonwealth was required to prove by a preponderance of the evidence that Appellant had violated his parole and that parole was no longer an effective rehabilitation tool for Appellant. Appellant maintains he relied on revocation counsel's interjection to "acknowledge the violation" to mean Appellant was "arrested" on new charges. Appellant claims counsel's interpretation and advice was erroneous because an arrest alone is insufficient to warrant revocation of parole/probation. Appellant insists his arrest on the new charges, without more, does not satisfy the "preponderance of the evidence" burden of proof required at a revocation proceeding. Appellant contends the fact that he also waived a preliminary hearing on the new charges is irrelevant to the burden of proof required at a revocation proceeding because a preliminary

hearing decides only whether the Commonwealth has established a *prima facie* case, which is a lower burden than preponderance of the evidence.

Appellant highlights that he did not actually acknowledge violating the law at the revocation hearing; he acknowledged only his arrest on new charges. Appellant states counsel lacked a reasonable basis for instructing Appellant to proceed to the revocation hearing before trial on the new charges, so Appellant could be eligible for work release, because the Adams County Department of Probation Services Community Reentry Program policy generally prohibits work release under these circumstances. Appellant emphasizes a jury ultimately acquitted him of the new charges. Appellant submits he suffered prejudice due to counsel's faulty advice, where the court revoked Appellant's parole/probation, resentenced him, and denied him credit for all of his street time, based on what turned out to be nonexistent violations. Appellant concludes revocation counsel was ineffective, and this Court must reverse the order denying PCRA relief, vacate the revocation sentence, and remand for the court to give him appropriate credit for time served on the original sentence. We agree Appellant is entitled to relief.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to plead and prove: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and

(3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999).

Pennsylvania Rule of Criminal Procedure 708 governs violations of parole/probation, in pertinent part, as follows:

> **Rule 708.    Violation of Probation, Intermediate Punishment, or Parole; Hearing and Disposition**
>
> **(A)**   A written request for revocation shall be filed with the clerk of courts.
>
> **(B)**   Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> (1)    a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
>
> (2)    a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P.  708(A)-(B).    Additionally,  with  respect  to  revocation  of probation, Section 9771 of the Sentencing Code provides:

> **§ 9771.    Modification or revocation of order of probation**
>
> **(a)   General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
>
> **(b)   Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.   Upon revocation the sentencing alternatives available to the court shall be the same as

were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1)  the defendant has been convicted of another crime; or

(2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)  such a sentence is essential to vindicate the authority of the court.

**(d)  Hearing required.**—There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation.  Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771.

Regarding *Gagnon II* hearings:

The first step in a *Gagnon II* revocation decision…involves a wholly retrospective factual question: whether the parolee or probationer has in fact acted in violation of one or more conditions of his parole or probation.  It is this fact that must be demonstrated by evidence containing probative value.  Only if it is determined that the parolee or probationer did violate the conditions does the second question arise: should the parolee or probationer be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?

*Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa.Super. 2001) (internal

citations and quotation marks omitted).  "Unlike a criminal trial where the

burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a revocation hearing the Commonwealth need only prove a violation of [parole or] probation by a preponderance of the evidence." ***Id.*** at 350 (internal quotation marks omitted).

"The threat of revocation may be executed on the basis of an arrest **and evidence of some facts in addition**." ***Id.*** (emphasis added). Significantly, an arrest on new charges coupled with the waiver of a preliminary hearing on the new charges is insufficient, absent more, to revoke parole or probation. ***Id.*** (explaining arrest alone, without facts to support arrest, is insufficient to revoke probation or parole; waiver of ***Gagnon I*** hearing establishes only *prima facie* show of probable cause to believe violation occurred; waiver of ***Gagnon I*** hearing does not concede that Commonwealth proved alleged violation by preponderance of evidence; similarly, defendant who waives preliminary hearing does not concede he is guilty of new charges; rather, he agrees to be bound over for trial for presentation of evidence and rendering of verdict). ***See also Commonwealth v. Allshouse***, 969 A.2d 1236 (Pa.Super. 2009) (reiterating well-settled law that probation cannot be revoked solely on basis of arrest); ***Commonwealth v. Fleeger***, 437 A.2d 60 (Pa.Super. 1981) (explaining before court revokes probation, Commonwealth must offer more facts than just defendant's arrest).

Further, our Supreme Court has stated:

> [W]hen the basis for revocation arises from the advent of intervening criminal conduct, a [revocation] hearing may be held prior to any trial arising from such criminal conduct. On the other hand, this Court has recognized that it is not unreasonable for a probation revocation hearing to be postponed pending adjudication of criminal charges which are the basis for the revocation.

*Commonwealth v. Infante*, 585 Pa. 408, 421, 888 A.2d 783, 791 (2005) (internal citations and quotation marks omitted). The rationale and preference for deferring revocation proceedings is to "avoid the possibly unjust result of revoking probation, only to find later that the probationer has been acquitted of the charges that prompted the revocation hearing." *Id.* at 422, 888 A.2d at 792. *See also Commonwealth v. Royster*, 524 Pa. 333, 572 A.2d 683 (1990) (reversing and vacating revocation sentence where new charges, which had formed sole basis for revocation of probation, were ultimately dismissed).

Instantly, while Appellant was on parole, the Commonwealth brought new charges of aggravated assault, terroristic threats, simple assault, and harassment against him at docket 521-2016, On March 7, 2016, the Commonwealth filed a motion for revocation of parole/probation, claiming the new charges constituted a "Rule 1 violation" (prohibition against committing any violation of the law). The new charges formed the sole basis for revocation; the Commonwealth cited no technical violations of parole/probation. The court appointed counsel to represent Appellant for the

revocation proceedings as well as the new charges. Appellant waived his *Gagnon I* hearing on March 15, 2016. Appellant also waived a preliminary hearing on April 20, 2016, regarding the new charges.

On the advice of revocation counsel, Appellant proceeded to a *Gagnon II* hearing on April 28, 2016, instead of deferring the revocation hearing until after trial on the new charges. The notes of testimony from the *Gagnon II* hearing make clear the Commonwealth did not present any factual evidence of Appellant's parole/probation violation, other than his arrest on the new charges. The court revoked Appellant's parole/probation because Appellant purportedly "acknowledged the violation." (*See* N.T., 4/28/16, at 2-3.) Nevertheless, the record shows Appellant confirmed only the fact of his **arrest** on new charges. (*See id.*) Nothing in the record indicates Appellant stipulated to or otherwise agreed that he had actually violated a term of his parole/probation. Rather, the court accepted the mere acknowledgment of Appellant's arrest as the basis for revocation.

Importantly, Appellant's waiver of a *Gagnon I* hearing, his arrest on new charges, and/or his waiver of a preliminary hearing on the new charges, are individually and cumulatively insufficient to warrant revocation of parole/probation, under the circumstances of this case. *See Allshouse, supra*; *Sims, supra*. Therefore, Appellant's ineffectiveness of counsel claim has arguable merit.

Revocation counsel testified at the PCRA hearing that he advised

Appellant to proceed to the **Gagnon II** hearing before trial on the new charges because Appellant would have a better chance at eligibility for work release, so long as he also made bail on the new charges. According to the record entries for Appellant's new charges at docket 521-2016, counsel did not file a motion for modification of bail until July 25, 2016, nearly three months later, which the court subsequently denied on August 25, 2016. Revocation counsel also failed to explain the basis for his belief that Appellant would have been eligible for work release under the Adams County work release policy. Notably, the record does not contain the work release eligibility requirements for Adams County.[4] Likewise, the Commonwealth does not even attempt to refute Appellant's contention that he was ineligible for work release due to the new charges. Thus, the reasonableness of revocation counsel's advice on this topic is dubious.

Further, a jury ultimately acquitted Appellant of all the new charges at docket 521-2016. Appellant suffered prejudice due to counsel's faulty advice, where the court revoked Appellant's parole/probation, resentenced him following that revocation, and denied him credit for all of his street time, based on what turned out to be nonexistent violations. Appellant's revocation sentence was due to counsel's flawed advice. If counsel had

---

[4] The Pennsylvania Administrative Code requires each county to implement policies specifying the criteria for eligibility for work release. **See** 37 Pa.Code § 451.124(b)(1).

advised Appellant to defer his revocation hearing until after trial on the new charges, Appellant would not have been subject to a revocation sentence.[5] *See Infante, supra*; *Royster, supra*.  Based on the foregoing, we hold Appellant has sufficiently demonstrated each prong of the test for ineffective assistance of counsel.  *See Kimball, supra*.  Accordingly, we reverse the order denying PCRA relief, vacate Appellant's revocation sentence, and remand for the trial court to recalculate Appellant's credit for time served on his original sentence.

Order reversed; revocation sentence vacated; case remanded for further proceedings.  Jurisdiction is relinquished.

_____

[5] The Commonwealth and trial court opinion state Appellant raises for the first time on appeal his claims that counsel was ineffective for failing to advise Appellant that he could defer his revocation hearing until after trial on the new charges and that counsel gave faulty advice regarding Appellant's eligibility for work release.  Nevertheless, the record confirms Appellant adequately pursued and preserved these claims during the PCRA hearing. (*See* N.T., 4/20/17, at 13-15; 17-18; 29-31.)  In any event, Appellant's revocation sentence is infirm, and we can correct the error *sua sponte*.  *See generally Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining illegal sentence is subject to *sua sponte* review and correction, assuming proper jurisdiction).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/08/2018