J-S37010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAL HATCHER | : | |
| | : | |
| Appellant | : | No. 3607 EDA 2016 |

Appeal from the PCRA Order October 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006133-2010

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 03, 2018**

Appellant, Jamal Hatcher, appeals *pro se* from the order entered on October 28, 2016, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize this case as follows. On July 10, 2011, a jury convicted Appellant of attempted murder, aggravated assault, conspiracy, possessing an instrument of crime, and three related firearms offenses. On September 9, 2011, the trial court sentenced Appellant to 30 to 60 years of imprisonment. We affirmed Appellant's judgment of sentence on June 5, 2013. *See Commonwealth v. Hatcher*, 2013 WL 11262133 (Pa. Super. 2013) (unpublished memorandum).[1] On March 17, 2014, Appellant filed a *pro se* PCRA petition and thereafter retained counsel, who filed an amended

---

[1] That decision provides a detailed recitation of the facts of this case.

* Former Justice specially assigned to the Superior Court.

PCRA petition.  Appellant, however, was not satisfied with retained counsel and counsel later asked to withdraw.  The PCRA court appointed PCRA counsel who filed an amended PCRA petition on August 26, 2015.   Thereafter, Appellant requested that he be permitted to proceed *pro se* and the PCRA court granted the request after conducting a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) ("When the waiver of the right to counsel is sought during PCRA review, an on-the-record determination should be made that the waiver is knowing, intelligent, and voluntary.").   On July 13, 2016, Appellant filed a *pro se* amended PCRA petition.  The PCRA court heard arguments and, on September 23, 2016, issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's various PCRA petitions and amendments.  On October 28, 2016, the PCRA court denied Appellant relief.  This timely appeal followed.[2]

On appeal, Appellant presents the following *pro se* issues for our review:

1. Did the PCRA court err in denying relief in light of affidavit evidence substantiating that trial counsel was ineffective for failing to litigate a motion to suppress and object to an in-court identification at trial, which was the result of a pretrial live line[-]up identification [that was] suggestive, unreliable, and conducive to misidentification?

2. Did the PCRA court err in denying relief in light of newly-discovered evidence substantiating that the [C]ommonwealth violated [A]ppellant's due process rights by presenting false testimony and fabricated evidence at trial,

_____

[2]   Appellant filed a *pro se* notice of appeal on November 8, 2016.  The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 16, 2017.

which so undermined the truth-determining process that no reliable adjudication was possible?

3. Whether [A]ppellant has been denied effective review because of the loss and/or failure to certify and transmit essential portions of transcripts, exhibits, and affidavits necessary for the determination of the issues raised on appeal?

4. Did the PCRA court abuse its discretion by denying [A]ppellant's recusal motion without explanation, where Code of Judicial Conduct Canons and due process mandate recusal from a proceeding in which a jurist['s] impartiality might be reasonably questioned?

Appellant's Brief at 6 (footnote and suggested answers omitted).

Upon review of the various PCRA filings in this matter, we initially conclude that Appellant has waived his second issue because his claim that the Commonwealth presented false and/or fabricated evidence at trial could have been raised on direct appeal, but was not.[3] *See* 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding"); *Commonwealth v. Price*, 876 A.2d 988, 992-993 (Pa. Super. 2005) (same), *appeal denied*, 897 A.2d 1184 (Pa. 2006), *cert. denied*, 549 U.S. 902 (2006). In addition, Appellant waived appellate issues three and four by failing to present them to the PCRA court in the first instance. *See Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006) ("[A]n issue is waived where it was not presented in the original or amended

_____

[3] Appellant's effort to support his second claim with an affidavit prepared after the PCRA court denied relief does not alter our assessment since the PCRA requires a petitioner to plead and prove that an allegation of error has not been waived. *See* 42 Pa.C.S.A. § 9543(a)(3).

PCRA petition[s] below."); *see also* Pa.R.A.P. 302(a). As such, we will not address issues two, three, and four as set forth above.

In the lone issue we address, Appellant claims that trial counsel was ineffective for failing to file a motion to suppress the victim's identification of Appellant and, subsequently, for not objecting to the victim's in-court identification of him. Appellant's Brief at 15-22. Appellant claims that the victim failed to identify Appellant or his co-defendant when police showed him a photo array of potential suspects at the hospital 24 hours after the shooting. *Id.* at 15. He suggests that the victim's girlfriend, who knew Appellant and co-defendant, influenced the victim to choose Appellant as the perpetrator during a police line-up. *Id.* Appellant also maintains that police unduly suggested that Appellant was the shooter by showing the victim still photographs from a nearby bank and video surveillance from the Wine and Spirits liquor store. *Id.* at 16. Appellant claims that because the victim only personally observed his assailant for eight seconds while fleeing, the victim did not have an opportunity to independently witness the criminal act and, thus, the victim's subsequent "identifications were based on [the victim's] improper exposures to [Appellant], rather than [from the victim's] memories of the crime." *Id.* at 17-18. Appellant also relies upon an alleged affidavit from Maisie Suarez, one of the eyewitnesses, who now claims that neither

Appellant nor his co-defendant was the shooter.[4] *Id.* at 20. In sum, Appellant claims that the victim's identification of Appellant was tainted and trial counsel was ineffective for failing to move to suppress the identification prior to trial or object to the identification at trial.

> Our standard of review of the denial of a PCRA petition is
>
> limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. A PCRA court's legal conclusions, however, are reviewed *de novo*.
>
> *             *             *
>
> The law presumes counsel has rendered effective assistance. When asserting a claim of ineffective assistance of counsel, the petitioner is required to plead and prove: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Moriarty*, 180 A.3d 1279, 1284–1285 (Pa. Super. 2018) (internal citations and quotations omitted). "Failure to satisfy any prong of the test for ineffectiveness will result in rejection of the

---

[4] Because the affidavit is dated January 18, 2017, after the PCRA court ruled on the PCRA filings, we may not consider it. *See Jones*, *supra*; *see also* Pa.R.A.P. 302(a).

appellant's ineffective assistance of counsel claim." ***Commonwealth v. Holt***, 175 A.3d 1014, 1018 (Pa. Super. 2017) (citation omitted).

Regarding in-court identification testimony:

Suggestiveness in the identification process is but one factor to be considered in determining the admissibility of such evidence and will not warrant exclusion absent other factors. As this Court has explained, the following factors are to be considered in determining the propriety of admitting identification evidence: the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation. The corrupting effect of the suggestive identification, if any, must be weighed against these factors.

***Commonwealth v. Wade***, 33 A.3d 108, 114 (Pa. Super. 2011) (internal citations and quotations omitted).

Here, the PCRA court determined:

[Appellant] cannot demonstrate a reasonable probability that the verdict would have been different had counsel filed a pretrial motion to suppress [the victim's] identification. Indeed there were other witnesses who identified [Appellant] as the shooter, as well as surveillance footage showing the same. [… The victim] testified at trial that he was 100% certain that the man who stood over him, in broad daylight, and shot him was [Appellant,] Jamal Hatcher. Thus, an independent basis for the in-court identification was clearly established and a motion to suppress the identification would have been an exercise in futility. […] Here, [Appellant] cannot show that there was a reasonable probability that the trial outcome would have been different had counsel filed a pretrial motion to suppress the victim's identification of him.

PCRA Court Opinion, 2/16/2017, at 3.

Upon review of the record and applicable law, we agree with the PCRA court's assessment. In this case, the victim testified unequivocally that

Appellant was the shooter and that he was able to see him standing over him firing a weapon during daylight hours. As such, the PCRA court determined that the victim had ample opportunity to observe his attacker at the time of the crime and demonstrated complete certainty at the confrontation of Appellant. We will not disturb the PCRA court's findings.

Moreover, there was additional overwhelming evidence of Appellant's guilt admitted at trial such that there was no probability that the outcome of trial would have been different without the victim's identification. In fact, Appellant conceded that "[t]he Commonwealth presented **six** eyewitnesses to the crime." Appellant's *Pro Se* Amended PCRA Petition, 7/13/2016, at 12 (emphasis added). Several of the eyewitnesses were able to identify the vehicle that Appellant and his brother, the co-defendant, used to flee the crime scene. Appellant's brother and mother were the registered owners of the vehicle and the registration listed their address, which was where Appellant also resided. The Commonwealth also presented surveillance from a nearby bank and the liquor store where the victim's girlfriend worked. With such evidence presented, Appellant fails to show he suffered prejudice. As such, his sole reviewable issue on appeal does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/18