J-S48035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
NIJAH B. CARPENTER :
:
Appellant : No. 301 EDA 2017

Appeal from the PCRA Order December 13, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0004539-2010

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 12, 2018**

Appellant, Nijah B. Carpenter, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel for Appellant has filed a motion to withdraw from representation and an **Anders** brief.[1]  We grant counsel's petition to withdraw, and affirm the order of the PCRA court.

We derive the following facts and procedural history from a March 2, 2016 memorandum issued by a panel of this Court and our independent

_____

[1] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), instead of a **Turner**/**Finley** no-merit letter, which is the appropriate filing in the PCRA context.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

_____

*   Retired Senior Judge assigned to the Superior Court.

review of the record. On November 18, 2010, a jury found Appellant guilty of possession with intent to deliver a controlled substance. The conviction stems from Appellant's selling of crack cocaine while police officers were conducting surveillance and observed the transactions. On May 13, 2011, the trial court sentenced Appellant to a term of not less than two and one-half nor more than ten years' incarceration, followed by five years of probation. Appellant did not file a post-sentence motion or a direct appeal.

On October 13, 2011, Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition on July 8, 2013. The PCRA court dismissed the petition on March 17, 2015, and Appellant appealed that decision to this Court. On March 2, 2016, a panel of this Court vacated the PCRA court's order in part, and remanded the case for an evidentiary hearing to address Appellant's claim that sentencing counsel was ineffective for failing to file a requested direct appeal. (**See Commonwealth v. Carpenter**, 2016 WL 832149, at *3 (Pa. Super. filed Mar. 2, 2016) (unpublished memorandum), *appeal denied*, 141 A.3d 478 (Pa. 2016)). Our Supreme Court denied further review.

The PCRA court held a hearing on the matter on December 13, 2016, at which Appellant and the privately retained attorney who represented him at sentencing testified. At the conclusion of the hearing, the court denied

Appellant's PCRA petition.  Appellant timely appealed.[2]  Counsel filed a motion to withdraw from representation and an ***Anders*** brief on January 22, 2018.

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under ***Turner***, ***supra*** and ***Finley***, ***supra*** and . . . must review the case zealously.  ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Upon our review of counsel's motion to withdraw and the appellate brief submitted on Appellant's behalf, we conclude that counsel has substantially complied with the procedural requirements of ***Turner*** and ***Finley***.  Therefore,

---

[2] On February 23, 2017, in response to the PCRA court's order to file a concise statement of errors complained of on appeal, counsel filed a statement of intent to file an ***Anders*** brief.  ***See*** Pa.R.A.P. 1925(c)(4).  The PCRA court did not file an opinion.  ***See*** Pa.R.A.P. 1925(a).

we must proceed with our independent review of this case. *See Walters*, *supra* at 591.

The *Anders* brief argues that the PCRA court's decision to credit the testimony of sentencing counsel relating to the direct appeal, instead of Appellant's testimony, lacks support in the record. (*See Anders* Brief, at 11-12). We disagree.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. A PCRA court's legal conclusions, however, are reviewed *de novo*.

*Commonwealth v. Moriarty*, 180 A.3d 1279, 1284 (Pa. Super. 2018) (citations omitted).

It is a "well-settled principle that [w]e will not disturb the findings of the PCRA court if they are supported by the record, even where the record could also support a contrary holding[.]" *Commonwealth v. Keaton*, 82 A.3d 419, 426 (Pa. 2013) (citation and internal quotation mark omitted).

Here, at the PCRA hearing, the court heard from both sentencing counsel and Appellant regarding whether he requested a direct appeal. Appellant averred that, in open court at sentencing, he "slammed [his] hands on the desk and said 'I want my appeal ASAP.'" (N.T. PCRA Hearing, 12/13/16, at 7; *see id.* at 11-13). Appellant further testified that counsel agreed to file an appeal, and that Appellant and various family members and friends made

phone calls to counsel's office and sent him letters to follow up. (*See id.* at 7-10, 14-15). However, on cross-examination, Appellant conceded that the notes of testimony from the sentencing hearing do not reflect his purported outburst, and that he did not bring the letters allegedly sent to counsel to the PCRA hearing. (*See id.* at 13-15).

Counsel explained that Appellant retained him only for representation at sentencing, to assist in avoiding imposition of a mandatory minimum five-year sentence. (*See id.* at 23-24). Counsel successfully did this, and "[Appellant] was very satisfied . . . with the sentence." (*Id.* at 26; *see id.* at 24). Counsel testified that he had no reason to think Appellant would want to appeal, and that he would have asked the sentencing judge to appoint an attorney if Appellant was dissatisfied with the sentence. (*See id.* at 25-26).

In rendering its decision, the PCRA court noted as significant that the notes of testimony from the sentencing hearing support counsel's version of events, rather than Appellant's. (*See id.* at 33-34). Specifically, after the court imposed Appellant's sentence, it expressly advised him that if he wished to appeal, he "ha[d] to request to the [c]ourt to have a court-appointed lawyer to do that for you." (N.T. Sentencing, 5/13/11, at 29). After Appellant averred that he understood this, sentencing counsel reinforced that if he wanted to appeal, Appellant "ha[d] to ask the [c]ourt to appoint an attorney[.]" (*Id.*). Appellant again stated that he understood his rights pertaining to an appeal. (*See id.* at 29-30).

Upon review, we conclude that the record fully supports the PCRA court's credibility determinations regarding Appellant's satisfaction with his sentence and his failure to request a direct appeal. Thus, we are bound by them, and will not disturb its finding that Appellant is not entitled to PCRA relief. *See Keaton*, *supra* at 426; *Moriarty*, *supra* at 1284. Accordingly, we affirm the order of the PCRA court.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/18