J-S33007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT N. MCDOWELL | : | |
| | : | |
| Appellant | : | No. 2178 EDA 2017 |

Appeal from the PCRA Order May 26, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005742-2009,
CP-51-CR-0005744-2009

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.:                            **FILED NOVEMBER 1, 2018**

Lamont N. McDowell appeals *pro se*[1] from the order entered on May 26, 2017, in the Court of Common Pleas of Philadelphia County denying him relief, without a hearing, on his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  McDowell claims he has been subjected to two instances of illegal sentencing.  The PCRA court denied McDowell relief on a different claim of illegal sentencing.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm the PCRA order in part, and reverse in part as to the judgment of sentence for aggravated assault on docket number CP-51-CR-

_____

[*] Former Justice specially assigned to the Superior Court.

[1] McDowell's appointed counsel filed a **Turner/Finley** no-merit letter with the PCRA court and was allowed to withdraw from representation.

0005742-2009, which must be vacated due to merger. A full discussion follows.

We recount relevant information of the underlying case from the trial court opinion, dated May 2, 2011.

> On February 23, 2010, [McDowell] was convicted in a bench trial on CP-51-CR-0005742-2009,[2] with Cequora Jones as the victim, of Criminal Attempt of Murder in violation of 18 [Pa.]C.S. §901(a); Aggravated Assault (F-1) in violation of 18 [Pa.]C.S. §2702; Possessing an instrument of Crime (PIC) (M-1) in violation of 18 [Pa.]C.S §907; Recklessly Endangering Another Person (REAP) in violation of 18 Pa.C.S. §2705; and Possession of a Firearm without a license (M-1) (VUFA) in violation of 18 Pa.C.S. §6106 and Carrying a Firearm in public in Philadelphia (VUFA) in violation of [18 Pa.C.S.] §6108 and on CP-51-CR-0005744-2009,[3] with Kevin Rawls as the victim, of Criminal Attempt of Murder in violation of 18 Pa.C.S. §901(a); Aggravated Assault (F-1) in violation of 18 [Pa.]C.S. §2702; Possessing an Instrument of Crime (PIC) in violation of 18 [Pa.]C.S. §907; and Recklessly Endangering Another Person (REAP) in violation of 18 Pa.C.S. §2705.
>
> On April 20, 2010, the Court imposed a sentence on [5742], with Cequora Jones as the victim, of 10 years to 24 years[4] on Criminal Attempt of Murder; a concurrent term of 8 years to 16 years on the Aggravated Assault count; a consecutive term of 2 years to 4 years on the PIC count; a concurrent term of 2 years to 4 years

---

[2] Referred to as 5742 hereinafter.

[3] Referred to as 5744 hereinafter.

[4] This is an incorrect statement. The Commonwealth has pointed out in the Appellee's Brief, and a review of the record confirms, that the trial court announced a 10 to 24 year sentence from the bench, but the written order filed with the court, which is controlling, shows a 12 to 24 year sentence imposed.

on the VUFA counts; and no further penalty was imposed on the REAP count; for an aggregate sentence of 12 to 28 years.[5]

On [5744] with Kevin Rawls as the victim, this Court imposed a sentence concurrent to those sentences imposed on [5742], that is 10 years to 24 years on Criminal Attempt of Murder count; a concurrent term of 8 years to 16 years on the Aggravated Assault count; a consecutive term of 2 years to 4 years on the PIC count; a concurrent term of 2 years to 4 year on the VUFA counts; and no further penalty was imposed on the REAP count; for an aggregate concurrent sentence of 12 years to 28 years.[6]

\*\*\*

This case concerned an attempt to execute Kevin Rawls (Rawls) and his companion, Cequora Jones (Jones). [McDowell] put the plan in place and Tyrik Nelson (Nelson), the co-defendant, executed the plan. [McDowell] lured Rawls to a meeting at 55th and Poplar Streets in the City of Philadelphia. Nelson waited, in a nearby alley, holding a loaded gun. Rawls arrived at the meeting with his companion, Jones. Upon their arrival, Nelson commenced shooting at Rawls and Jones.

The shooting occurred on October 19, 2008, at 2:30 a.m., in the vicinity of 55th and Poplar Streets in the City of Philadelphia, when [McDowell] and Nelson, completed their conspiracy to shoot Rawls. Jones was shot because she was a witness to the events that took place that night. Rawls had been in contact with [McDowell] by cell phone late in the night of October 18, 2008 going into the early morning hours of October 19, 2008. Rawls agreed to meet [McDowell] at 55th and Poplar Streets. Rawls then hooked up with a friend, Jones[,] at 52nd Street and Girard Avenue around 1:30 a.m. Rawls took Jones along with him for his rendezvous with [McDowell] at 55th and Poplar Streets.

---

[5] Because of the previously noted error, the aggregate sentence reported in the trial court opinion is also in error. The actual aggregate sentence for 5742 is 14 to 28 years' incarceration.

[6] Trial court footnote here has been omitted. We note that the announced sentence for Rawls matches the written order filed. However, due to the prior noted inconsistency, McDowell's actual total sentence is 14 to 28 years' incarceration.

When Rawls and Jones got to the corner of 55th and Poplar Streets, [McDowell] flagged Rawls down. [McDowell] put his arm around Rawls and then they approached the opening of an alleyway. When they got to the alleyway, Rawls looked into the alleyway and saw a man holding a gun pointed at him. The man holding the gun pointed at Rawls was Nelson who fired five shots as he[7] ran out of the alley. One of his shots struck Jones in the buttocks. Nelson then ran to Jones and told her "just don't look at my face or I'm going to kill you." Then Nelson pulled Jones' scarf and shirt over her face. Rawls dodged Nelson's bullets and ran toward 55th Street and Girard Avenue. Nelson then chased Rawls and caught up to him at 55th Street and Girard Avenue. Rawls tripped and the two men began to tussle. Nelson then fired a shot at Rawls' head hitting Rawls in his face with the bullet exiting behind his ear. Rawls later identified Nelson, the co-defendant, as the shooter at a line-up held at Curran-Fromhold Correctional Facility at 8100 State Road (CFCF) on April 8, 2009. Rawls also identified [McDowell] as the person who lured him to 55th and Poplar Streets. Rawls had known [McDowell] since 2005.

[McDowell] and Nelson were found and arrested at 617 North 55th Street which property is owned by [McDowell's] grandmother, Jacklyn McDowell. The arrest took place about two hours after the shooting. The black denim Old Navy pants which Nelson was wearing when arrested had Rawls' blood on them as determined from DNA tests to which [McDowell] and his co-defendant stipulated at trial.

Trial Court Opinion, 5/2/2011, at 1-4.

McDowell filed a direct appeal that afforded him no relief. ***Commonwealth v. McDowell***, 53 A.3d 937 (Pa. Super. 2012) (unpublished memorandum). Thereafter, McDowell did not file a petition for allowance of appeal (PAA) to the Pennsylvania Supreme Court. In 2014, McDowell filed a PCRA petition seeking leave to file his PAA. On October 7, 2014, the PCRA court granted McDowell's petition. The Pennsylvania Supreme Court denied

---

[7] Rawls.

- 4 -

McDowell's PAA on February 4, 2015.  *Commonwealth v. McDowell*, 109 A.3d 678 (Pa. 2015) (Table).  Accordingly, McDowell's judgment of sentence did not become final until May 2015,[8] when time expired for McDowell to seek review by the United States Supreme Court.  Subsequently, McDowell filed the instant PCRA petition on June 16, 2015.

McDowell's petition was disjointed, however, appointed counsel discerned a single issue, namely, McDowell's claim that trial counsel was ineffective for failing to object to an illegal sentence regarding merger of PIC and attempted murder.  Appointed counsel correctly noted that counsel could not have been ineffective in that regard as attempted murder and PIC are simply not subject to merger.  Appointed counsel filed a *Turner/Finley* no merit letter with the PCRA court and was allowed to withdraw from representation.  McDowell filed the instant appeal, *pro se*.

Here, McDowell raises two new claims of illegal sentencing.  First, he claims he was subjected to mandatory minimum sentencing pursuant to 42 Pa.C.S. § 9712(a), and, second, his sentences for attempted murder and aggravated assault should have merged.

McDowell's first issue is easily addressed.  Our review of the certified record demonstrates McDowell was not subjected to sentencing pursuant to

---

[8] The exact date is unimportant in this instance as there is no question regarding the timeliness of the instant petition.

Section 9712(a).  Accordingly, the issue is without merit and McDowell is not entitled to relief on this claim.

However, McDowell is correct that, regarding the charges at 5742, with Jones as the victim, the sentences for attempted murder and aggravated assault should have merged.  A claim the trial court failed to merge sentences is a claim of illegal sentencing, and cannot be waived.  ***See Commonwealth v. Green***, 149 A.3d 43, 52 (Pa. Super. 2016) (citation omitted) (a claim of an illegal sentence based on merger of the underlying convictions cannot be waived). Further, we note an "illegal sentence is subject to *sua sponte* review and correction, assuming proper jurisdiction." ***Commonwealth v. Moriarty***, 180 A.3d 1279, 1288 n.5 (Pa. Super. 2018) (citation omitted).

In 1994, in ***Commonwealth v. Anderson***, 650 A.2d 20 (Pa. 1994), our Supreme Court ruled that aggravated assault was a lesser included offense to attempted murder and sentence for the two crimes must merge provided the same act was the underlying basis for both charges.  Specifically, the Supreme Court held:

> It is clear that the offense of aggravated assault is necessarily included within the offense of attempted murder; every element of aggravated assault is subsumed in the elements of attempted murder. The act necessary to establish the offense of attempted murder-a substantial step towards an intentional killing-includes, indeed, coincides with, the same act which was necessary to establish the offense of aggravated assault, namely, the infliction of serious bodily injury. Likewise, the intent necessary to establish the offense of attempted murder-specific intent to kill-is greater than and necessarily includes the intentional, knowing, or reckless infliction of serious bodily injury, the intent required for aggravated assault. It is tautologous that one cannot kill without

inflicting serious bodily injury. 18 Pa.C.S. § 2301. Inasmuch as aggravated assault, the lesser offense, contains some, but not all the elements of the greater offense, attempted murder, the two offenses merge for purposes of sentencing. The sentence for aggravated assault must therefore be vacated.

*Id*. at 24.

We recognize that **Anderson** was decided prior to the enactment of 42 Pa.C.S. § 9765, which sets forth the current statutory requirements for merger and which states:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

**Anderson** addressed one element of merger. It remains to be determined whether the instant crimes arose from a single criminal act. We have reviewed the certified record which clearly demonstrates that the attempted murder and aggravated assault charges regarding victim Jones arose from the single criminal act of firing multiple shots at Jones and Rawls resulting in shooting her once in the buttocks.[9] Accordingly, the sentence for aggravated assault must merge into the sentence for attempted murder with

---

[9] We note the bullet travelled though her body and caused damage to internal organs. Jones remained hospitalized for several months and required several surgeries. N.T. Trial, 2/18/2010, at 13-14.

respect to Jones as the victim. [10]  However, McDowell's sentences for the two crimes are concurrent to each other, so there is no practical effect upon the 12 to 24 year sentence he is currently serving for the two crimes, nor on the 14 to 28 year aggregate sentence McDowell is serving.

Order affirmed in part, and reversed in part.  Judgment of sentence for aggravated assault on docket number CP-51-CR-0005742-2009 is vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/18

---

[10] The sentences for attempted murder and aggravated assault do not merge regarding victim Rawls as those charges arose from two criminal acts.  The aggravated assault occurred when Nelson shot at Rawls in the alleyway and the attempted murder occurred when Nelson chased Rawls out of the alley, caught up with him a few blocks from the initial shooting, and then shot Rawls in the face.