J-A17045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BHAVANI LEE :
:
Appellant : No. 807 EDA 2020

Appeal from the Judgment of Sentence Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000679-2019

BEFORE: McLAUGHLIN, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 17, 2021**

Bhavani Lee (Lee)[1] appeals from the February 7, 2020 judgment of

sentence imposed by the Court of Common Pleas of Philadelphia County (trial

court) after revocation of her parole. After review, we vacate the judgment

of sentence.

**I.**

Following a bench trial, Lee was found guilty of possession of an

instrument of crime (PIC), simple assault and recklessly endangering another

---

* Retired Senior Judge assigned to the Superior Court.

[1] The record reveals that Lee's legal name is Bhavani Bee, but she was charged in this case as Bhavani Lee. For consistency, we refer to her as Lee.

person (REAP).[2]  On November 4, 2019, the trial court sentenced Lee to 11.5 to 23 months of house arrest on the count of PIC, 2 years of probation on the count of simple assault to be served consecutively, and 2 years of probation on the count of REAP to be served concurrently to the sentence for simple assault.  The trial court deferred service of the sentence for 30 days to allow Lee time to obtain housing in Philadelphia County to serve her house arrest.[3]  Lee later timely filed a post-sentence motion challenging the discretionary aspects of her sentence, which the trial court denied on December 3, 2019.  Lee timely appealed on December 4, 2019.[4]

After she filed her notice of appeal, the Philadelphia Adult Probation and Parole Department learned that Lee had two new criminal cases in New Jersey.  On February 7, 2020, the trial court held a ***Gagnon II*** hearing.[5]  At that

_____

[2] 18 Pa.C.S. §§ 907(a), 2701(a) & 2705.  Lee was found not guilty of one count of aggravated assault.  18 Pa.C.S. § 2702.

[3] Lee requested a continuance for her turn-in date on several occasions.  On her original date, she was hospitalized and the trial court ordered her to turn herself in the following day.  The next day, she appeared in court but requested additional time because she had not secured an apartment.  The trial court granted the request.  On her next turn-in date, she requested another 24-hour continuance because her apartment had not been approved.  The trial court denied this final continuance and Lee was incarcerated for several days until her apartment was approved for house arrest and she was granted parole.

[4] That appeal is docketed at 47 EDA 2020.

[5] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973); ***see also Commonwealth v. Ferguson***, 761 A.2d 613 (Pa. Super. 2000) (explaining when parolee or

hearing, Lee's probation officer, Joseph Veasey (Officer Veasey), testified about the two cases. In the first case, Lee was arrested on November 12, 2019, on charges of harassment, striking and offensive touching. At the time of the hearing, those charges were still pending. In the second case, Lee pleaded guilty to one count of disorderly conduct graded as a misdemeanor on January 24, 2020, and was fined $250 for the offense. Officer Veasey, however, admitted that he did not know the offense date on the second case.

Noting that she never informed the trial court about the new cases during any of her appearances to set up her house arrest, the trial court found Lee in violation of her probation. As a result, the trial court revoked her original sentence and resentenced her to 11.5 to 23 months' incarceration on the count of PIC, 2 years of probation on the count of simple assault to be served consecutively, and 2 years of probation on the count of REAP to be served concurrently to the sentence for simple assault. After being resentenced, Lee filed a motion for reconsideration, which the trial court denied. This timely appeal followed.

---

probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe violation was committed, and upon finding of probable cause, second, more comprehensive hearing (*Gagnon II* **hearing**) follows before trial court makes final revocation decision).

**II.**

On appeal, Lee asserts that the Commonwealth did not present sufficient evidence that she violated her house arrest based on the New Jersey cases.[6] She contends that the first case involving her arrest on November 12, 2019, was insufficient because it was still pending at the time of the arrest and later dismissed on May 24, 2020. She likewise contends that the second case involving her guilty plea to disorderly conduct contained insufficient evidence because the Commonwealth presented no evidence about when she committed the offense. By failing to produce such evidence, she contends that the Commonwealth failed to sustain its burden that she committed the offense while on supervision. The Commonwealth concedes that its evidence of the two New Jersey cases was insufficient to support revocation and asks us to remand this matter for further proceedings.

_____

[6] In an appeal from a probation revocation sentence, our review is limited to a consideration of the validity of the revocation proceedings, and the legality and discretionary aspects of the sentence imposed following revocation. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033-1034 (Pa. Super. 2013) (*en banc*).

> The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct.

***Commonwealth v. A.R.***, 990 A.2d 1, 4 (Pa. Super. 2010).

Our review of probation revocation proceedings is guided by the following:

A defendant's probation may be revoked upon proof that the defendant either: 1) violated a specific condition of his or her probation or 2) committed a new crime. 42 Pa.C.S. § 9771; ***Commonwealth v. Foster***, 214 A.3d 1240, 1243 (Pa. 2019). These are the only grounds on which a court can find that a defendant violated his or her probation. ***Id.*** "[T]he [trial court] must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation." ***Id.***

Notably, "a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct." ***Id.*** "Rather, the effectiveness of probation as a rehabilitative tool and as a deterrent to antisocial conduct is the lens through which a violation is to be viewed." ***Id.*** at 1251. "Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity." ***Id.***

Once the court concludes a violation occurred and probation was not effective, the court may resentence the defendant to a total term of incarceration if: (1) the defendant was convicted of a new crime; (2) the defendant's conduct makes it likely that he or she will commit a new crime if not incarcerated; or (3) incarceration "is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c); ***Foster***, 214 A.3d at 1251.

***Commonwealth v. Giliam***, 233 A.3d 863, 867 (Pa. Super. 2020).

First, we agree with Lee that her November 12, 2019 arrest in New Jersey was insufficient for the trial court to revoke her original sentence. We have held that an arrest alone is not sufficient to revoke parole. ***See Commonwealth v. Sims***, 770 A.2d 346, 352 (Pa. Super. 2001). Moreover, where a violation of probation is based solely on new criminal charges for

which the defendant is acquitted, there can be no violation. *See Giliam*, 233 A.3d at 868 (finding probation revocation sentence void where defendant was acquitted of new charges); *see also Commonwealth v. Moriarty*, 180 A.3d 1279, 1288 (Pa. Super. 2018) (finding counsel ineffective for advising defendant to proceed with revocation hearing and acknowledge violations before trial on new charges that resulted in acquittal). Here, the Commonwealth does not dispute that Lee was eventually acquitted of the charges based on her November 12, 2019 arrest in New Jersey. As a result, her arrest and new charges in that matter which eventually led to an acquittal cannot support revocation.

Second, Lee asserts that her guilty plea to disorderly conduct on January 24, 2020, was insufficient because the Commonwealth did not prove when the offense occurred. Before probation may be revoked, "the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant **while on probation**." 42 Pa.C.S. § 9771(d) (emphasis added). As we have explained, subsection 9771(d) "clearly restrains the court from considering facts occurring prior to the imposition of probation when revoking probation." *Commonwealth v. Carver*, 923 A.2d 495, 497 (Pa. Super. 2007).

> It is important to remember that probation is designed to rehabilitate a defendant so that he can become a productive member of society; thus, probation promotes the interests of the public as well as the defendant. It therefore is inappropriate to consider the defendant's conduct prior to imposition of the

probationary term because the efficacy of probation has not yet been tested when that behavior occurred.

***Id.*** (internal citation omitted).

After reviewing the transcript of the ***Gagnon II*** hearing, we agree with the Commonwealth that it failed to adduce any evidence that she committed the disorderly conduct offense while she was on parole or probation. Officer Veasey testified that he did not know the offense date for the disorderly conduct. ***See*** N.T., 2/7/20, at 4. Likewise, when asked by the trial court, Lee's counsel knew only that her client pled guilty on January 24, 2020, but not the offense date. ***Id.*** at 5-6. At the hearing, no evidence was presented that Lee committed the offense in New Jersey while she was parole or probation. In the absence of such evidence, Lee's conviction for that offense could not form the basis of her revocation of parole or probation.[7] For this reason, we find that there was an insufficient basis for the trial court for revocation and, thus, vacate its judgment of sentence.

## III.

Having found vacation of sentence proper, we must next determine whether to remand for further proceedings. On this point, we find instructive

---

[7] In its Pa.R.A.P. 1925(a) opinion, the trial court maintains there was a sufficient basis to revoke based on Lee's failure to disclose the new arrests when she appeared in front of the court after her original sentencing on November 4, 2019. ***See*** Trial Court Opinion, 11/10/20, at 8-9. However, as the Commonwealth points out, this was neither a crime nor a violation of any of Lee's conditions. ***See*** Commonwealth's Brief at 14 (citing 42 Pa.C.S. § 9763(b) (detailing the possible probation conditions a court may impose).

our Supreme Court's decision in **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019). There, the defendant was on probation on drug charges when he was found in violation for posting pictures to social media depicting guns, drugs and money. Because this conduct did not violate a condition of his supervision, the **Foster** Court reversed his probation violation sentence and also found that remand to the trial court to conduct new fact finding was not warranted, observing that the defendant's case "does not involve a procedural anomaly or the disregard of an evidentiary formality." **Id.** at 1253. Instead, the Commonwealth simply failed to prove that the defendant violated a condition of his probation or had committed a new crime. **Id.**

Here, Officer Veasey informed the trial court that he did not have information about whether Lee committed the new offense while she was on supervision. In our view, this was not merely a "procedural anomaly" or an "evidentiary formality" where the Commonwealth had evidence of a violation but simply made an oversight or a mistake. Instead, the Commonwealth alleged a violation but did not have sufficient information to prove that the conduct was committed "while on probation." 42 Pa.C.S. § 9771(d). Based on **Foster**, where a revocation is reversed based on insufficiency, the Commonwealth is not entitled to a remand for a new **Gagnon II** hearing to try and establish a violation that it already had the opportunity to prove but did not.

Accordingly, we remand to the trial court to reinstate its original sentence and credit Lee for any time served to which she is entitled against her original sentence.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2021