J-S52028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEREMY J. CIENIAWA | : | |
| | : | |
| Appellant | : | No. 494 MDA 2018 |

Appeal from the Judgments of Sentence Entered February 16, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000303-2017,
CP-40-CR-0000533-2017, CP-40-CR-0003510-2015

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                 **FILED NOVEMBER 20, 2018**

Jeremy J. Cieniawa appeals from the judgment of sentence entered following the revocation of his parole and probation. Cieniawa's counsel has filed a Petition to Withdraw and an **Anders**[1] brief. We affirm the judgments of sentence[2] and grant counsel's petition to withdraw.

---

*   Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967).

[2] In **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), our Supreme Court held that a party wanting appellate review of more than one judgment under separate docket numbers must file separate notices of appeal on each docket. However, the **Walker** Court refused to apply its rule to that case, and instead applied its rule prospectively only, because it was "contrary to decades of case law from [the Supreme] Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, [appellate courts] seldom quashed appeals as a result." **Id.** at 977. Because the Supreme Court announced its decision in **Walker** in June 2018, after

While on probation and parole, in October 2017, Cieniawa pled guilty to indirect criminal contempt for violation of a protection from abuse order ("PFA"),[3] and the court sentenced him to six months' probation. The Commonwealth then moved to revoke his probation and parole. At a hearing, Cieniawa's probation officer informed the court that Cieniawa had been discharged from drug and alcohol counseling, which was a condition of his probation and parole, for failing to attend an appointment. Cieniawa stated that he had rescheduled his drug and alcohol counseling, and argued that he had "just had another death in February. That's six of them in a year." N.T., Feb. 16, 2018, at 5. Cieniawa admitted that he had pled guilty to the contempt charge, but claimed he was innocent because he had contacted his daughter, and the PFA only prohibited contact with his ex-girlfriend, not his daughter.

The court revoked Cieniawa's parole and remanded him to serve the remainder of his sentence of 23 months' incarceration on the charge for which he was on parole. It also revoked and reinstated his probation on the other offenses. Cieniawa filed this timely appeal.[4]

_____

Cieniawa filed this appeal, we will quash this single appeal from multiple docket numbers. In any event, counsel's **Anders** brief discusses only one judgment of sentence, the one pertaining to the revocation of parole. It does not address the revocation and reinstatement of his probation sentences.

[3] **See** 23 Pa.C.S.A. § 7114(a).

[4] 30 days after the date on which the court imposed the revocation sentences was March 18, 2018, which was a Sunday. Cieniawa's filing of his Notice of Appeal on March 19, 2018 was therefore timely. **See** Pa.R.A.P. 107; 1 Pa.C.S.A. § 1908.

In this Court, Cieniawa's counsel has filed a Petition to Withdraw and an *Anders* brief. "When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Before we will allow counsel to withdraw pursuant to *Anders*, counsel must file a brief that accomplishes four things. It the brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel also must provide a copy of the *Anders* brief to the client. The brief provided to the defendant must include a letter that advises the client of the right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa.Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007)).

If we determine that counsel has satisfied these requirements of **Anders** and **Santiago**, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." **Commonwealth v. Dempsey**, 187 A.3d 266, 271-72 (Pa.Super. 2018) (*en banc*) (quoting **Anders**, 386 U.S. at 744).

Here, counsel's **Anders** brief provides a summary of the procedural and factual history, discusses Cieniawa's arguments, and sets forth counsel's conclusion that the appeal is frivolous. Counsel has also provided a copy of the brief to Cieniawa and a letter with a copy of counsel's petition to withdraw. The letter advises Cieniawa that he has the right to hire a private attorney or to represent himself by filing a brief raising any meritorious issues. Thus, counsel has complied with the technical requirements for withdrawal.

Counsel's **Anders** brief addresses the following issues:

1. Whether the trial court abused its discretion in revoking [Cieniawa]'s parole?

2. Whether the trial court abused its discretion when it remanded [Cieniawa] to total confinement, following revocation of parole, thereby requiring [Cieniawa] to complete the maximum sentence imposed?

**Anders** Br. at 2. Cieniawa has not filed another brief, either *pro se* or through private counsel, raising any other issues.

In his first issue, Cieniawa asserts that the Commonwealth failed to establish by a preponderance of the evidence that he had intentionally violated the conditions of his parole. Cieniawa claims that the PFA did not prohibit

contact between him and his minor children, and therefore he was not guilty of contempt. **Anders** Br. at 5-6. Although Cieniawa pled guilty to that offense, he now asserts that he intends to challenge the guilty plea on appeal. **Id.** at 4-5.

We conclude that the first issue is wholly frivolous. At a parole revocation hearing, the court must determine whether the parolee has violated a condition of parole, and if so, whether to revoke parole. **Commonwealth v. Moriarty**, 180 A.3d 1279, 1286 (Pa.Super. 2018). The Commonwealth bears the burden of proving a parole violation by a preponderance of the evidence. Once it has done so, the ultimate decision of whether to revoke parole is a matter of the trial court's discretion. **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa.Super. 2008). We therefore review the revocation of parole for abuse of discretion. **Id.** at 293. A parolee's conviction on new charges is a sufficient basis to revoke parole. **Id.**

Here, Cieniawa admitted at the violation hearing that he had pled guilty to the contempt charge, and the new conviction alone was sufficient to support the revocation of parole. Cieniawa's assertion – made in this case for the first time in this appeal – that he intends to seek to undo his guilty plea by filing an appeal does not change the fact that the trial court had no such indication before it when it revoked parole. Further, Cieniawa does not dispute that he was let go from drug and alcohol counseling for failure to attend. Rather, he

contends that he later rescheduled the appointment. However, his failure to comply in the first place provided additional support for the revocation. The first issue is frivolous.

In his second issue, Cieniawa argues that he has attempted to comply with the conditions of his parole and probation. He maintains that because he was "not actually guilty" of violating the PFA, the revocation of his parole and imposition of a prison sentence was not warranted to deter future misconduct. *Anders*' Br. at 7.

This claim is also wholly frivolous. Cieniawa's parole violations, which included a guilty plea to contempt, were sufficient for the court to conclude that parole was no longer appropriate for Cieniawa. Once the court revoked his parole, its only option was to order Cieniawa to serve the remainder of the prison sentence for which he was on parole. *Commonwealth v. Ware*, 737 A.2d 251, 253 (Pa.Super. 1999). Therefore, any question about whether the recommitment was warranted lacks any basis in the law and is frivolous. *Kalichak*, 943 A.2d at 293 (noting any challenge to the revocation of parole would be frivolous because new convictions were sufficient grounds to revoke parole and recommit defendant).

We have independently reviewed the record and found no non-frivolous issues. *See Dempster*, 187 A.3d at 272. We therefore affirm the lower court's order, and allow defense counsel to withdraw.

Judgment of sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2018