J-S53012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
v. :
:
TAHEEM ARMSTRONG :
:
Appellant :
: No. 2010 EDA 2017

Appeal from the PCRA Order June 23, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0006892-2012

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 29, 2018**

Appellant, Taheem Armstrong, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel for Appellant has filed a motion to withdraw from representation and an **Anders**[1] brief.  We grant counsel's petition to withdraw, and affirm the order of the PCRA court.

---

[1] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), instead of a **Turner**/**Finley** no-merit letter, which is the appropriate filing in the PCRA context.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

---

\* Retired Senior Judge assigned to the Superior Court.

We take the following factual and procedural history from our review of the certified record and the PCRA court's December 15, 2017 opinion. On June 25, 2014, Appellant pleaded guilty to possession of a firearm by a prohibited person and carrying a firearm on public streets in Philadelphia.[2] On July 9, 2014, the trial court sentenced him to an aggregate term of not less than eleven and one-half nor more than twenty-three months of incarceration followed by five years' probation.

On September 4, 2014, Appellant was arrested for selling crack cocaine. (*See* Docket CP-51-CR-0010713-2014). A preliminary hearing was conducted on September 19, 2014. (*See id.*). On October 3, 2014, the court held a violation of probation hearing in this matter, and found that Appellant was in violation of his probation based on the September 4, 2014 arrest. Appellant was sentenced to not less than five nor more than ten years of imprisonment. He did not file a direct appeal.

On June 26, 2015, Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition on April 29, 2016. The PCRA court gave notice of its intent to dismiss on May 9, 2017, and dismissed the petition on June 23, 2017. *See* Pa.R.Crim.P. 907(1). This timely appeal

---

[2] 18 Pa.C.S.A. §§ 6105(a)(1) and 6108, respectively.

followed.[3]  Counsel filed a motion to withdraw from representation and an

***Anders*** brief on April 11, 2018.

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under ***Turner***, ***supra*** and ***Finley***, ***supra*** and . . . must review the case zealously.  ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of ***Turner***/***Finley***, the court— trial court or this Court—must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation

omitted).

Upon our review of counsel's motion to withdraw and the ***Anders*** brief,

we conclude that counsel has substantially complied with the procedural

requirements of ***Turner*** and ***Finley***.  Therefore, we must proceed with our

independent review of this case.  ***See Walters***, ***supra*** at 591.

---

[3] Appellant filed a statement of matters complained of on appeal on July 16, 2017.  The PCRA court entered its opinion on December 15, 2017.  ***See*** Pa.R.A.P. 1925.

- 3 -

The ***Anders*** brief argues that no ***Gagnon I***[4] hearing was held, and that counsel was ineffective for failing to raise the issue at trial and on appeal. (***See Anders*** Brief, at 10-11). We disagree.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. A PCRA court's legal conclusions, however, are reviewed *de novo*.

***Commonwealth v. Moriarty***, 180 A.3d 1279, 1284 (Pa. Super. 2018) (citations and quotation marks omitted).

> The United States Supreme Court held in ***Morrissey v. Brewer***, 408 U.S. 471 (1972), that a parolee is entitled to minimum due process protections because of the possible deprivation of liberty inherent in parole revocation proceedings. ***Id.*** at 482; ***see also***, ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973) (extending the ***Morrissey*** holding to probation revocation proceedings). When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is required before a final revocation decision can be made.

> This Court described this parole and probation revocation process in ***Commonwealth v. Davis***, 336 A.2d 616 (Pa. Super. 1975), stating:

>> "At the preliminary [***Gagnon I***] hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse

---

[4] ***Gagnon v. Scarpelli***, 411 U.S. 778, 786 (1973).

witnesses, an independent decisionmaker, and a written report of the hearing." ***Gagnon v. Scarpelli***, ***supra***, at 786. Thus, the ***Gagnon I*** hearing is similar to the preliminary hearing afforded all offenders before a Common Pleas Court trial: the Commonwealth must show probable cause that the violation was committed.

***Commonwealth v. Ferguson***, 761 A.2d 613, 617 (Pa. Super. 2000) (citation formatting provided; some citations omitted).

In ***Davis***, ***supra***, this Court further explained that ***Gagnon I*** hearings are not required in cases in which "a probationer, who before the probation revocation hearing, has been arrested and after a preliminary hearing . . . has been held for indictment and trial in the Court of Common Pleas." ***Davis***, ***supra*** at 622. The ***Davis*** Court explained that in such cases, "[t]he purpose of [the ***Gagnon I***] hearing will have been served by the preliminary hearing." ***Id.*** at 622-23; ***see also Commonwealth v. Del Conte***, 419 A.2d 780, 781 n.2 (Pa. Super. 1980) ("When the probation or parole violation is based on the commission of a crime, a preliminary hearing may substitute for a ***Gagnon I*** hearing.") (citations omitted).

Here, after Appellant was arrested, a preliminary hearing was conducted and Appellant was held for court. The PCRA court found that Appellant "was given sufficient notice of the alleged violations by virtue of his arrest and preliminary proceedings on the underlying criminal charges. Therefore, the purpose of the ***Gagnon I*** hearing was clearly served." (PCRA Ct. Op., at 6). Thus, it concluded that Appellant's claim was without merit, and "counsel

cannot be deemed ineffective for failing to raise a meritless claim." (***Id.*** at 7) (citation omitted).

Upon review, we conclude that the record fully supports the PCRA court's conclusion. Because Appellant's violation of probation was based on his commission of a crime, the preliminary hearing conducted in that matter may substitute for a ***Gagnon I*** hearing. ***See Del Conte***, ***supra*** at 781 n.2; ***Davis***, ***supra*** at 623. Appellant is not entitled to PCRA relief. Accordingly, we affirm the order of the PCRA court.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/18