**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER  MICHNYA | : | |
| | : | |
| Appellant | : | No. 349 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005973-2015

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                                          Filed May 21, 2020

Appellant, Christopher Michnya, appeals *nunc pro tunc* from the judgment of sentence entered on May 11, 2017, following the revocation of his probation.  After review, we affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> On July 21, 2015, Appellant, Christopher Michnya, voluntarily and knowingly tendered a negotiated guilty plea to Retail Theft [(18 Pa.C.S. § 3929(a)(1))], graded as a third degree felony [at trial court docket number CP-51-CR-0005973-2015]. On that same date, pursuant to the negotiations and following submission of a thorough written and oral colloquy and waiver of presentence investigation[] reports, the Honorable Anne Marie B. Coyle, Judge of the Court of Common Pleas for the First Judicial District of Pennsylvania Criminal Division, hereinafter referred to as "this [c]ourt," imposed a sentence of two (2) years of county supervised probation.

---

[*] Retired Senior Judge assigned to the Superior Court.

As the submitted and reviewed and incorporated GAGNON[1] Summaries prepared by the assigned Probation Officer Jameka Bing reflected, Appellant had reported as required for the months of September, October, and November 2016 following his release from Buck's County incarceration on August 31, 2016. On November 4, 2016, a [Forensic Intensive Recovery ("FIR")] evaluation was completed but Appellant never reported back to initiate and comply with the FIR recommendation for [intensive outpatient ("IOP")] treatment at [Greater Philadelphia Asian Social Service Center ("GPASS")]. Appellant then absconded from the supervision of the probation department, having last reported on November 7, 2016. On January 29, 2017, Appellant was arrested for new narcotics charges [at trial court docket number CP-51-CR-0002638-2017]. He was released before a probation warrant could be lodged. On January 31, 2017, an absconder warrant was issued. On February 2, 2017, Appellant was arrested for [a new charge of] retail theft [at trial court docket number CP-51-CR-0003073-2017].

After a full and fair violation hearing, during which the largely uncontested data supplied within the GAGNON summaries was introduced into the record following Appellant's waiver of reading, this [c]ourt was satisfied that the probation officer's recommendation of revocation was appropriate given the reported violations of the terms and conditions of the Order of Sentence which included: non-reporting and two (2) open bills.

Following revocation of probation, this [c]ourt directed and subsequently reviewed the mental health assessment and presentence investigative reports before the sentencing hearing. On May 11, 2017, Appellant entered a negotiated stipulated trial regarding the simple possession drug charge and was sentenced to a period of nine (9) months of probation [at trial court docket number CP-51-CR-0002638-2017].

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973); **see also Commonwealth v. Moriarty**, 180 A.3d 1279, 1282 n.2 (Pa. Super. 2018) (explaining that when a probationer or parolee is detained pending a revocation hearing, due process requires a pre-revocation hearing (a **Gagnon I** hearing) to determine if there is probable cause to support a violation of probation or parole; if probable cause exists, a second, more comprehensive hearing (a **Gagnon II** hearing) is held before the trial court makes a final revocation decision).

On that same date, following a full and fair evidentiary hearing on the revocation [of probation at trial court docket number CP-51-CR-0005973-2015], this [c]ourt concluded that a term of state supervised confinement was necessary to not only vindicate the authority of the [c]ourt but to deter future criminal conduct consistent with factors set forth in 42 Pa.C.S. § 9771. Appellant was then sentenced to a minimum term of two (2) years to a maximum of seven (7) years of state supervised confinement, with credit accorded for custodial time served and rehabilitative conditions were imposed.[2]

Post-Sentence Motions were filed on May 19, 2017[,] solely seeking a reduction of sentence and citing the single claim of an excessive sentence.[3] The Post-Sentence Motion was denied after a hearing on June 2, 2017. An appeal was not filed.

On May 8, 2018, Appellant filed a *pro se* PCRA Petition seeking the reinstatement of his direct appeal rights. Peter Levin, Esquire was appointed by the Court to represent Appellant. Mr. Levin filed an amended petition and with the agreement of the Commonwealth, Appellant's direct appeal rights were reinstated. On January 30, 2019, Appellant, by and through counsel, filed a timely Notice of Appeal [*nunc pro tunc*] to the Superior Court of Pennsylvania. A Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. Rule 1925 (b) was ordered on May 14, 2019. On June 6, 2019, a Statement of Errors Complained of on Appeal was filed.

Trial Court Opinion, 7/3/19, at 1-4 (original footnotes omitted).

---

[2] As mentioned in the recitation of the facts of this case, Appellant committed new crimes. Trial Court Opinion, 7/3/19, at 2. Appellant's new crimes were direct violations of his probation in the instant case. **See Commonwealth v. Foster**, 214 A.3d 1240, 1247 (Pa. 2019) (stating that a probationer violates his probation where he violates a specific condition of his probation or commits a new crime).

[3] The record reveals that Appellant was sentenced on May 11, 2017. Appellant filed a post-sentence motion for reconsideration of sentence, but due to a clerical error, the motion was not docketed until June 1, 2017. Nevertheless, the trial court held a hearing and announced that it deemed Appellant's post-sentence motion timely filed. N.T., 6/2/17, at 3.

On appeal, Appellant asserts that the trial court abused its discretion by imposing a manifestly excessive and unreasonable sentence following the revocation of his probation. Appellant's Brief at 8. Specifically, Appellant avers that a sentence of two to seven years of incarceration was too severe, and the trial court failed to consider mitigating factors such as Appellant's background, character, and rehabilitative needs. *Id.* at 14.

Appellant's assertion is a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) (a claim that the trial court imposed a manifestly excessive sentence and failed to consider mitigating factors is a challenge to the discretionary aspects of the sentence). We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a

motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912-913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenge in a post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

As set forth above, Appellant asserts that the trial court imposed a manifestly excessive sentence and failed to consider mitigating factors when it fashioned Appellant's sentence. Appellant's Brief at 14. We conclude that Appellant presents a substantial question for our review. ***See***

***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1075 (Pa. Super. 2019) (stating that a claim that a sentence is excessive, in conjunction with an assertion that the trial court failed to consider mitigating factors, presents a substantial question).

> Our standard of review is as follows:
>
> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. ***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014). When evaluating the outcome of a revocation proceeding, this Court is limited to reviewing the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1033-1035 (Pa. Super. 2013). "[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. MacGregor***, 912 A.2d 315, 317 (Pa. Super. 2006). Additionally, when sentencing a defendant following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. ***Commonwealth***

*v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1-3); *Fish*, 752 A.2d at 923.

Furthermore, because our Sentencing Guidelines do not apply to sentences imposed following the revocation of probation, we are guided by the provisions of 42 Pa.C.S. § 9721, which state the general standards that a court is to apply in sentencing a defendant. *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Id.* Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding [the] defendant's character and weighed those considerations along with mitigating statutory factors.'" *Moury*, 992 A.2d at 171.

As noted, Appellant alleges that the trial court imposed an excessive sentence without considering Appellant's rehabilitative needs and mitigating factors such as his family history, drug addiction, and previous attempts at drug rehabilitation. Appellant's Brief at 14, 18-19. After review, we conclude that the record belies Appellant's assertion.

At the sentencing hearing, the trial court discussed Appellant's family and personal history in great detail. N.T., 5/11/17, at 16. The trial court stated its awareness that Appellant's father had died. *Id.* The court noted that Appellant's brother died from a heroin overdose and that Appellant's mother, who died of lung cancer, also had issues with drugs. *Id.* After Appellant's mother died, Appellant lived with his uncle and then in a group home. *Id.* Appellant ran away from the home and lived with his grandmother, who then died a few weeks later. *Id.* at 16-17. The trial court noted that Appellant is dependent on alcohol and drugs, dropped out of high school, does not have a GED, refuses treatment, and cannot maintain employment. *Id.* at 17. The trial court concluded that without incarceration and treatment, Appellant would reoffend and likely die because Appellant is not amenable to probation. *Id.* at 16-19. The trial court then stated:

> **THE COURT**: … As an adult, sir, you've been arrested 11 times, 8 convictions, 1 commitment[], 8 violations of probation or parole thus far, 6 revocations of your sentence. It's highly recommended that there be a strict follow-up of treatment. This matter came before this [c]ourt as a result of a negotiated guilty plea for a probation period of two years with conditions set forth that were not followed.

The retail theft, it was an F3, right?[4]

[**ASSISTANT DISTRICT ATTORNEY**] **HALL**: Yes, Your Honor.

**THE COURT**: The arrest for possession occurred after your release from Bucks County incarceration. You initially did report and then absconded. Recommendation of the probation officers is revocation, so I reviewed the presentence investigation and reviewed your criminal history, sir, which -- most of which stems from retail thefts and drug charges. I reviewed the mental health assessment and note your dual diagnosis nature of bipolar as well as a history of poly[-]substance abuse.

Okay. All right, sir. The sentence of the Court, sir -- and you may remain seated -- is that you serve a minimum of two years of state time incarceration to a maximum seven years of state time incarceration, sir. You are to be paroled only to an inpatient program deemed acceptable by the Parole Office. The follow-up from the inpatient program, you are to be placed in a drug-free environment, whether it be a halfway house or I don't know. It depends on what they determine. You're going to have random drug and alcohol testing, random room visits, random vehicle checks for drugs and/or weapons.

While you are in custody, sir, you are to avail yourself of any vocational training deemed possible. You are to comply with any recommended drug and alcohol treatment. You are to be assigned and evaluated under a dual diagnosis type of evaluation. I'm recommending SCI Chester to deal with your drug and alcohol as well as mental health difficulties. Your supervision will be strict. You are to do your level best to obtain and maintain legitimate employment when you are released, sir.

Understand, sir, the first hot urine on release, that will be deemed by this Court --and I'm letting the parole [board] know, since they're going to be making the decisions from this time forward -- that it is considered a violation due [to] your difficulty streak. I recognize, sir, that this is not what you expected today judging from your expression. However, a step-down type of

---

[4] The statutory maximum penalty for a third-degree felony is seven years of imprisonment.  18 Pa.C.S. § 1103(3).

program that I'm recommending be followed -- in fact, I'm directing be followed, is to keep you alive. I can only do so much. You can't keep coming back. You're stealing, you're using drugs to -- you're your own worst enemy. I hope this works, but given the fact that all else has failed, I don't have much left. That's reasonable in my mind.

*Id.* at 19-21.[5]

After review, we conclude that the trial court considered all of the relevant factors from 42 Pa.C.S. §§ 9721 and 9771, thoroughly addressed Appellant's personal circumstances, and fashioned an individualized sentence that was aimed at vindicating the authority of the court, deterring future criminal conduct, and aiding in Appellant's rehabilitation. *Ferguson*, 893 A.2d at 739. Moreover, the trial court was aided by a presentence investigation report; therefore, we can assume the sentencing court was aware of relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors. *Moury*, 992 A.2d at 171.

For the reasons set forth above, and pursuant to our deferential standard of review, we cannot conclude that the trial court failed to consider relevant sentencing factors or abused its discretion in imposing a term of two to seven years of incarceration in a State Correctional Institution, with rehabilitative conditions. *See Commonwealth v. Sierra*, 752 A.2d 910, 915

---

[5] The trial court also stated that it had no objection to Appellant's participation in Motivational Boot Camp under 61 Pa.C.S. § 3903; Appellant also was eligible for Recidivism Risk Reduction Incentive after serving eighteen months pursuant to 61 Pa.C.S. §§ 4501-4512. N.T., 5/11/17, at 21-22.

(Pa. Super. 2000) (finding no abuse of discretion in the trial court revoking the appellant's probation and imposing the statutory maximum sentence of five to twenty years imprisonment based upon technical violations, where the record revealed the trial court's "in-depth knowledge of this individual, that parole and probation were ineffective in rehabilitating [the appellant], and that further incarceration of this degree was appropriate").  Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/20